IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re:<br><br>**ROSEMARY BLAIR,**<br><br>　　　　　　Debtor. | :<br>:<br>: **CHAPTER 13**<br>:<br>: **BANKRUPTCY NO. 22-12573-AMC**<br>:<br>: |

**STIPULATION AND AGREED ORDER REGARDING MOTION OF DEBTOR TO REINSTATE CHAPTER 13 BANKRUPTCY CASE AND GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(D)(4)**

This Stipulation and Agreed Order (the "Stipulated Order") is made between Rosemary Blair (the "Debtor") and Montgomery County Tax Claim Bureau ("MCTCB"), and relates to the Motion of the Debtor to Vacate the Order Dismissing the Debtor's Chapter 13 Bankruptcy Case (the "Motion to Vacate") and MCTCB's opposition thereto.  In relation thereto, the Debtor and MCTCB (collectively referred to as the "Parties") stipulate and request the entry of the Stipulated Order as an Order of this Court as follows:

WHEREAS the Debtor is an individual who is the record owner of real property located at 531 Palmer Road, Conshohocken, PA 19428 (the "Property"), Parcel Number 49-00-08548-00-7.; and

WHEREAS On June 1, 2019, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. 19-13561-amc (the "First Bankruptcy") and the First Bankruptcy was dismissed on March 4, 2020 for failure to make plan payments; and

WHEREAS on March 4, 2020, the Debtor filed a second voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. 20-11395-amc (the

"Second Bankruptcy") and the Second Bankruptcy was dismissed on September 6, 2022 for failure to make plan payments; and

WHEREAS on September 25, 2022, the Debtor filed a third voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. 22-12573-amc (the "Current Bankruptcy"); and

WHEREAS on October 4, 2022, because the Second Bankruptcy was pending within the preceding one-year period, the Debtor filed a Motion to Extend the Automatic Stay; and

WHEREAS on October 25, 2022, the Court entered a consent order granting the Motion to Extend the Automatic Stay agreed to between the Chapter 13 Trustee (the "Trustee") and the Debtor which allowed the extension of the automatic stay and ordered that if the Current Bankruptcy "is dismissed for any reason, it shall be with prejudice; debtor(s) shall be prohibited from filing any subsequent bankruptcy case, individually or jointly, without further leave of Court" (the "Consent Order"), and

WHEREAS, on November 10, 2022, MCTCB filed a secured proof of claim in the Debtor's bankruptcy case in the amount of $7,321.69 plus costs and interest [Claim No. 3-1 on the Debtor's Official Claims Register] (the "Prepetition Claim"); and

WHEREAS on January 5, 2023, the Chapter 13 Trustee (the "Trustee") filed a Motion for Dismissal of the Current Bankruptcy because the Debtor failed to appear at the meeting of creditors, failed to make plan payments, and failed to provide income tax returns in advance of the meeting of creditors; and

WHEREAS on February 2, 2023, MCTCB filed an objection to the Debtor's proposed Chapter 13 Plan (the "Objection to Confirmation"); and

WHEREAS on February 14, 2023, the Court entered an Order dismissing Debtor's Current Bankruptcy with prejudice in accordance with the Consent Order (the "Dismissal Order"); and

WHEREAS on February 25, 2023, the Debtor filed the Motion to Vacate the Dismissal Order; and

WHEREAS on March 17, 2023, MCTCB a response in opposition to the Motion to Vacate (the "Response in Opposition"); and

WHEREAS, the Debtor has not proposed any adequate protection of MCTCB's security interest in the Property; and

WHEREAS, the Debtor has failed to pay any property taxes on the Property since the petition date of the Current Bankruptcy Case and total taxes on the Property now total not less than $13,252.10; and

WHEREAS, in an effort to avoid the cost of further litigation and the uncertainty of a ruling by the Bankruptcy Court on the Motion to Vacate, the Parties hereto have determined that settlement of the issues raised by the Motion is in the best interests of each of the Parties and of the Debtor's estate; and

**NOW, THEREFORE, AFTER CONDUCTING ALL NECESSARY INVESTIGATION AND DUE DILIGENCE, EACH OF THE PARTIES HERETO, INTENDING TO BE LEGALLY BOUND, HEREBY STIPULATE, AGREE AND REQUEST A COURT ORDER AS FOLLOWS:**

1. <u>Acknowledgments and Survival</u>.  The Debtor acknowledges and admits (i) that as of the date of the Debtor's signing of this Stipulated Order, MCTCB holds a fully perfected, first priority secured claim on the Property in the amount of $13,351.52 (the "Claim") and the Claim shall continue to accrue costs and interest accruing at the statutory rate of 9% pursuant to 72 P.S.

§ 5860.306 and Section 506(b) of the Bankruptcy Code and is not subject to objection or reduction; and (ii) the Debtor acknowledges that the admissions contained in this paragraph as well as the terms of paragraphs 2 through 7 of this Stipulated Order shall survive any default in this agreement or dismissal or conversion of the Current Bankruptcy.

2.  Relief From the Automatic Stay.  In settlement of the Motion to Vacate and in exchange for the withdrawal of the Response in Opposition, the Debtor agrees that MCTCB is hereby granted relief from the automatic stay pursuant to Section 362(d)(4) of the Bankruptcy Code (the "Order Granting Relief"), which relief from stay shall be binding in any other case under this title purporting to affect the Property filed not later than two years after the date of the Forbearance Termination as set forth below in paragraph 5 and any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Stipulated Order for indexing and recording and the relief in this paragraph is in addition to any additional or other relief obtained by MCTCB, the Trustee or any other creditor of the Debtor.

3.  Post Petition Taxes.  Beginning with the current year tax payments (2023) and for each year going forward, the Debtor shall timely pay post petition property taxes on the Property in full and by certified funds.

4.  Chapter 13 Plan.  The Debtor shall amend her most recently filed Chapter 13 Plan to include (i) the terms of this Stipulated Order; (ii) the Payment of the Claim in full over the life of the Plan; (iii) each Plan payment shall be made to the Trustee in certified funds; and (iv) the Debtor's daughter will contribute funds necessary to make the Debtor's plan payments and the Debtor will file an affidavit from her daughter on the Bankruptcy Court docket to that effect.

5. <u>Forbearance</u>.  So long as the Current Bankruptcy is reinstated and remains open and the Debtor faithfully performs each and every obligation under this Stipulated Order, MCTCB shall forbear from exercising its state court rights pursuant to the Order Granting Relief; however, should the Debtor default on any obligation under this Stipulated Order, MCTCB may file a certification of such default at which time MCTCB's agreement to forbear from exercising its rights under the Order Granting Relief shall immediately terminate (the "Forbearance Termination") and MCTCB shall be free to exercise any and all rights under state law with regard to the Property without further Order of the Bankruptcy Court and without the Debtor having any extensions, grace period or right to cure.

6. <u>Reservation of Rights</u>.  MCTCB explicitly retains all rights including, but not limited to; (i) in connection with the Debtor's current bankruptcy case regardless of whether it is converted to another chapter under the Bankruptcy Code, (ii) in any future bankruptcy cases filed by the Debtor and/or (iii) any state court proceeding related to the property taxes should the forbearance be terminated and/or the Current Bankruptcy is dismissed.

7. <u>Liens to Remain in Place Pending Payment in Full of all Delinquent Taxes</u>.  The Debtor acknowledges and agrees that MCTCB's first priority liens shall remain in place until all Claim has been paid in full, nor shall this Stipulated Order have the effect of preventing any newly assessed taxes, including post-petition property taxes for the tax year 2023, from becoming a first lien on the Property or abrogating the effect of 53 P.S. § 7102.

8. <u>No Reliance</u>.  Each of the Parties hereto represents, warrants and agrees that in executing and entering into this Stipulated Order, such Party is not relying and has not relied upon any representation, promise or statement made by anyone which is not specifically recited, contained or embodied in this Stipulated Order and/or the Order Granting Relief.

9. <u>Non-Assignment of Claims</u>.  The Parties hereto each represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or cause of action relating to any matter covered herein.

10. <u>Predecessors, Successors and Assigns</u>.  This Stipulated Order and the Order Granting Relief shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

11. <u>Authorization</u>.  The Parties hereto represent and warrant that each of them is authorized and of full capacity to make, execute and deliver this Stipulated Order.

12. <u>Integration and Modification</u>.  This Stipulated Order constitutes and is intended to constitute the entire agreement of the Parties concerning the obligations which are the subject matter hereof.  No covenants, agreements, representations or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth herein.  All prior discussions and negotiations with respect to the releases which are the subject matter hereof are superseded by this Stipulated Order.  No subsequent alteration, amendment, change, modification or addition to this Stipulated Order shall be binding unless reduced to writing and signed by the Parties hereto.

13. <u>Choice of Law</u>.  The Parties agree that this Stipulated Order shall be governed by the Bankruptcy Code and/or the laws of the Commonwealth of Pennsylvania.

14. <u>No Admission</u>.  Except as specifically set forth herein, this Stipulated Order is not intended to be and shall not be deemed, construed or treated in any respect as an admission of liability or wrongdoing by any person or entity for any purpose.

15. <u>Construction</u>.  The terms and provisions of this Stipulated Order shall be construed in accordance with their plain meaning, without regard for any canons or principles of

construction requiring interpretation against the Party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

16. <u>Counterparts; Telecopy Signatures</u>.  This Stipulated Order may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument.  The delivery of a telecopy, PDF or facsimile signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

17. <u>Notices</u>:  Notices under this Stipulated Order shall be given to the Parties at the following addresses (or such other address as a Party may designate in writing), by registered mail, return receipt requested, and shall be effective upon mailing:

| | |
|---|---|
| If to the MCTCB: | OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>Attn:  Michael D. Vagnoni, Esquire<br>Centre Square West<br>1500 Market Street, 34th Floor<br>Philadelphia, PA 19102 |
| | and |
| | MONTGOMERY COUNTY TAX CLAIM BUREAU<br>Attn:  Ms. Michelle Yost<br>One Montgomery Plaza<br>P.O. Box 190<br>Norristown, PA 19404 |
| If to the Debtor: | Sharon S. Masters, Esquire<br>LAW OFFICE OF SHARON S. MASTERS<br>132 Overleaf Drive<br>Thorndale, PA 19372 |
| | and |
| | Rosemary Blair<br>531 Palmer Road<br>Conshohocken, PA 19428 |

18. <u>Headings</u>.  The headings set forth in this Stipulated Order are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

19. <u>Further Assurances</u>.  From time to time after the date hereof, each Party will execute and deliver such instruments and documents and do such further acts as may be reasonably requested by the other Party in order to carry out the purpose of this Stipulated Order. pursuant to Section 362(d)(4) of the Bankruptcy Code (the "Order Granting Relief").

20. <u>Order of Court</u>.  The Parties respectfully request Bankruptcy Court approval of this Stipulated Order as an order of this Court and the entry of the proposed form of Order for Relief.

[Signatures and Order Contained on Following Page]

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP

By: *[signature]*
Michael D. Vagnoni, Esquire
One Penn Center, Suite 1900
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
215-665-3066
michael.vagnoni@obermayer.com
Counsel to Montgomery County Tax
Claim Bureau

Dated: 5/18/23

LAW OFFICE OF SHARON S. MASTERS

By: *[signature]*
Sharon S. Masters, Esquire
132 Overleaf Drive
Thorndale, PA 19372
610-322-5277
shmasters@hotmail.com
Counsel to Rosemary Blair

Dated: 05/18/2023

ROSEMARY BLAIR

By: *[signature]*
Rosemary Blair
531 Palmer Road
Conshohocken, PA 19428
Debtor

Dated: 5/17/23

Reviewed and Approved – Without Prejudice to
Any Trustee Rights or Remedies

/s/ Jack Miller
Jack Miller, Esquire
Trial Attorney, Standing Chapter 13 Trustee

AND NOW, this 23rd day of May, 2023, this Stipulated Order is hereby approved and entered as an Order by the Bankruptcy Court.

*[signature]*

The Honorable Ashely M. Chan
United State Bankruptcy Judge